REYNOLDS et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1909.)

No. 2,959.

INDIANS (§ 27*)—LANDS—SUIT TO DETERMINE RIGHT TO ALLOTMENT.

Act Aug. 15, 1894, c. 290, 28 Stat. 305, as amended by Act Feb. 6, 1901, c. 217, § 1, 31 Stat. 760, which provides that Circuit Courts shall have "jurisdiction to try and determine any action, suit, or proceeding arising within their respective jurisdictions involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land un-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der any law or treaty, * * * and the judgment or decree of any such court in favor of any claimant to an allotment of land shall have the same effect, when properly certified to the Secretary of the Interior, as if such allotment had been allowed and approved by him," contemplates the selection of specific land for allotment by the claimant before the institution of such a suit, upon which the judgment or decree may operate as a complete allotment.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 19; Dec. Dig. § 27.*]

Appeal from the Circuit Court of the United States for the District of South Dakota.

Suit by Estella Lizzie Reynolds, for herself and her minor children, Lewis P. Reynolds, George M. Reynolds, Naomi E. Reynolds, and Russell O. Reynolds, against the United States. From a decree dismissing the bill, complainants appeal. Modified and affirmed.

James A. George, for appellants.

Edward E. Wagner, U. S. Atty., and William G. Porter, Asst. U. S. Atty.

Before HOOK and ADAMS, Circuit Judges.

HOOK, Circuit Judge. This was a suit under Act Feb. 6, 1901, c. 217, § 1, 31 Stat. 760, amending Act Aug. 15, 1894, c. 290, 28 Stat. 305, to establish the right of complainants, as members of the Sioux Nation of Indians, to an allotment of lands in the Pine Ridge Indian reservation in South Dakota. The trial court sustained a demurrer and dismissed the bill.

The section of the statute as amended is as follows:

"That all persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any allotment act or under any grant made by Congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper Circuit Court of the United States; and said Circuit Courts are hereby given jurisdiction to try and determine any action, suit, or proceeding arising within their respective jurisdictions involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any law or treaty (and in said suit the parties thereto shall be the claimant as plaintiff and the United States as party defendant); and the judgment or decree of any such court in favor of any claimant to an allotment of land shall have the same effect, when properly certified to the Secretary of the Interior, as if such allotment had been allowed and approved by him, but this provision shall not apply to any lands now held by either of the Five Civilized Tribes, nor to any of the lands within the Quapaw Indian agency: Provided, that the right of appeal shall be allowed to either party as in other cases."

It did not appear from the bill that complainants had selected any specific tract or tracts of land in the reservation which they desired should be allotted to them. There was no claim to any particular land. The case stated was merely an assertion of their qualifications, which they sought to have established by a decree of the court. Though the record is silent upon the subject, it is said by counsel that this was the ground upon which the demurrer was sustained. While it is not alto-

gether clear, we think the statute contemplates that a selection of specific land for allotment should precede the commencement of the suit. There would then be something for the decree of the court to operate upon. It is unusual for a Circuit Court, in litigation inter partes, judicially to declare the mere existence of a status or the possession of certain qualifications, which for any concrete effect would have to be followed by voluntary action on the part of individuals and then by official action of administrative officers of the government.

Color for the construction of the statute given by the court is found in the provision that a decree in favor of a claimant, when certified to the Secretary of the Interior, shall have the same effect "as if such allotment had been allowed and approved by him." This evidently contemplates that the decree shall have the effect of a complete allotment, and that, of course, implies the designation of specific land. The clause conferring jurisdiction upon the Circuit Courts points in the same direction, though perhaps not so clearly. It provides that those courts are "given jurisdiction to try and determine any action, suit, or proceeding arising within their respective jurisdictions involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any law or treaty." The jurisdiction conferred is to try and determine the right to an allotment, and that presupposes a specific selection by the claimant. The suit provided for is a local one, and the phrase "within their respective jurisdictions" means that regard must be had to the locality of the particular land in question. The cause of action does not arise and is not triable in every district in which the claimant merely asserts his possession of the requisite qualifications.

The act providing for the allotment in severalty of lands within the reservation (Act March 2, 1889, c. 405, 25 Stat. 888) prescribes definitely (section 8) the number of acres each qualified claimant is entitled to, and provides (section 9) that all allotments shall be "selected" by the Indians, heads of families "selecting" for their minor children, and that the agents shall "select" for each orphan child. The making of the allotments is by special agents (section 10), whose duty it is to certify them in duplicate to the Commissioner of Indian Affairs, who in turn transmits one copy to the Secretary of the Interior. When the Secretary approves the allotments, he (section 11) causes patents to be issued in the names of the allottees. It will be perceived that the selection of specific land is a necessary preliminary step to an allotment. To take that step was the duty of complainants, and no action of the officials could prevent them doing so. If the officials then denied the right of complainants to the land selected, and refused to proceed and make the allotment to them, the Circuit Court was open, and its decree in favor of complainants' right to the particular land selected, when certified to the Secretary of the Interior, would have the same effect "as if such allotment had been allowed and approved by him."

We think the proceeding in court was intended as a remedy when the position of the officials is adverse, which does not relieve the claimant of his duty to first localize his claim by a selection of specific land, so that, if final decree is rendered in his favor, all controversy will be

at an end, and the Secretary of the Interior can cause a patent to be issued without further inquiry. In Hy-Yu-Tse-Mil-Kin v. Smith, 194 U. S. 401, 24 Sup. Ct. 676, 48 L. Ed. 1039, which was brought under the act of August 15, 1894, before the amendment of February 6, 1901, the claimant had made a selection of specific land.

The government also urges the bill is demurrable because it does not disclose the possession by complainants of any right under the act authorizing allotments. For the reasons already mentioned, we think it would be premature to enter upon that question; but, that complainants be not foreclosed in respect of it, the dismissal of their bill should be without prejudice, and, as so modified, the decree is affirmed.